Reese, J.
delivered the opinion of the court.
This court having determined in the case of Marshall vs. Hudson, 9 Yerger’s Reports, 57, that the discharge of the personal representative of a decedant by the operation of the act of 1789, from his direct liability to a creditor, does not protect him against his collateral liability to a surety or co-surety, when such surety or co-surety, by paying the debt of the decedent, has created between himself and the personal representative the relation of creditor and debtor, within the meaning of that act; it leaves nothing in this case to be.determined, but the question whether the executors of Maxey are *522 protected by the same statute against this new liability. Two years bad not elapsed between the time when Carter paid the money opon the judgment, and the time of making the motion in ibis case, but more than two years bad elapsed from the rendition of the judgment against Carter. And it is urged, that, as by the 3d section of the act of 1809, c 69, Carter might have made a motion against the personal representative of his co-surety, upon the mere ground that a judgment had been obtained against himself, his claim, by motion, is barred, although afterwards, and within two years of the time of bis motion, he pays the judgment. To this we answer: 1st. It is not very clear in this case, that Carter could upon the mere ground of the rendition of a judgment against himself, have oblained, on motion, a judgment for contribution against the representative of Maxey, for that representative along with himself and the principal debtor had been sued, and when the judgment was obtained against the two last, the former had obtained a judgment in bis favor; and it well might be contended that the case, although within the words, is not within the object and meaning of the 3d section of the act of IS09, which it is believed was intended to apply to the case where a part only of the co-sureties had been sued in the action, and to give them a remedy over for contribution against the co-sureties not sued. But waiving this consideration, we answer, the section itself gives to the co-sure-. ty his remedy by motion, as well on the ground that he has paid the judgment, as on the mere ground that a judgment has been rendered against himself; and to contend that, if for two years he shall wait to see if the principal will not pay, or his co-surety contribute, and he shall then pay the judgment, that he may, contrary to the express provisions of the statute, lose by operation of the act of limitation of 1789, lois remedy by motion, because he did not avail himself of his motion, upon the mere ground of the judgment, is to wage war against the provisions of (he act of 1809 itself. The section says that if you do not make your motion upon this latter ground, you may upon the former; but the argument says, if you do move upon the ground of the payment, you shall be barred because you did not move upon the ground of the *523 judgment. It may be doubted whether the act of 1809, so r . . , .... iar as it gives tne extraordinary remedy of a motion against co-surety upon the mere ground of the judgment, has the eí-feet of enacting by the mere force of said judgment the relation of creditor and debtor, within the meaning of the act of 1789 — After thejudgment, as well as before, iherelation is probably that of co-suretyship only; and after the rendition of the judgment and before payment, the co-surety could not, it is believed, by force of the act of 1809, maintain his action at common law. In the case of Marshall vs. Hudson, it was not necessary for the court to assert, and it is not directly asserted, that the judgment itself creates the relation of creditor and debtor between the surety and the personal representative of the principal, within The meaning of the act of 1789, and the correctness of the intimation of such an opinion in that case may well be doubted. In addition to the other grounds taken in this case, it may be stated that the principles determined in the case of Scott vs, Lanham, 8 Yerger’s Reports, 423, seem to be decisive of the question before us. Let the judgment be affirmed.
Judgment affirmed.